HABER v. McCLAIN, District Clerk.
(No. 5705.)

(Court of Civil Appeals of Texas. Austin. May 10, 1916.)

JURY ⟨☞⟩77(1) — COMPENSATION — ADJOURNMENT.

Under Rev. St. 1895, art. 3232, and Rev. St. 1911, art. 5169, providing for juror's compensation for each day he may "serve or attend" as juror, and that jurors shall not be paid during the time they stand adjourned, where the court on Monday adjourns jurors to the following Wednesday in that term, they are not entitled to pay for Tuesday.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 392–396, 399; Dec. Dig. ⟨☞⟩77(1).]

Appeal from District Court, McLennan County; Erwin J. Clark, Judge.

Petition for mandamus by Sidney Haber against R. V. McClain, District Clerk. From a judgment for respondent, relator appeals. Affirmed.

Nathan Patten, of Waco, for appellant.

JENKINS, J. The relator, a citizen of McLennan county, and a resident of the city of Waco, the county seat of said county, was legally summoned to serve as a juror in the district court of said county for the week beginning Monday, January 10, 1916. In obedience to said summons he appeared on said day and was sworn and impaneled as a juror for said week, and was thereupon excused from further attendance on said court until Wednesday, January 12th, at which time he appeared and was in attendance on said court for the remainder of the week. He was not required to attend on Tuesday, and was not physically present in said court on said day. The clerk of said court, the respondent herein, issued to relator a certificate for his attendance for the week, except for Tuesday, for which day he refused to issue such certificate, whereupon the relator filed in said court his petition for a mandamus to compel respondent to issue to him a certificate for his attendance on said day. The court refused to order the writ of mandamus, and rendered judgment that the respondent recover all costs in this behalf expended.

Article 3232, R. S. 1895, reads as follows:

"Each juror in civil cases shall receive two dollars for each day and for each fraction of a day he may serve or attend as such juror."

As the relator neither served nor attended the court as a juror on January 11th, he is not entitled, under the provisions of this article, to any pay for that day, and there is no provision of law which would allow him such pay. If there could be any doubt as to the correctness of the judgment of the court herein, we think such doubt would be removed by article 5169, R. S. 1911, which reads as follows:

"The court may adjourn the whole number of jurors for the week, or any part thereof, to any subsequent day of the term, but jurors shall not be paid for the time they may so stand adjourned."

In the instant case it appears that the court on Monday adjourned a part of the jury (the relator herein) to a subsequent day of the term, to wit, Wednesday, and that such part of the jury stood adjourned for Tuesday, and was therefore not entitled to any pay for that day. For the reasons stated, the judgment of the court is affirmed.

Affirmed.